IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| KERRY LYNN, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN COLVIN, Acting | * | No. 3:14CV00248-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Mr. Lynn has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Plaintiff seeks these benefits due to a combination of impairments. The Administrative Law Judge (ALJ) concluded that Mr. Lynn did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526. (Tr. 18.) Additionally, the ALJ concluded that, despite his impairments, Plaintiff was capable of performing a limited range of sedentary work. (Tr. 18-23.) He concluded Mr. Lynn was unable to perform his past relevant work (Tr. 18) but, with the aid of a vocational expert, he determined jobs existed in significant numbers that Plaintiff could perform such as information clerk and phone clerk. (Tr. 25.) Accordingly he concluded Mr. Lynn was not disabled. The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3.)

On May 1, 2015, the Court heard oral argument at the request of Plaintiff. Plaintiff was represented by Greg Wallace, Esq., and the Commissioner was represented by Special Assistant United States Attorney Melinda R. Newman. Counsel are commended for their diligence in

representing their respective clients in this matter.

This review function is extremely limited. The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff argues the ALJ erred in giving significant weight to the opinions of Veryl Hodges, D.O., rather than further developing the record and requesting statements from Mr. Lynn's treating doctors. (Pl.'s Br. 28-29.) As an initial point, a Social Security claimant bears the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has not met this burden.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A)(emphasis added).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  Although it is always best to hear from the treating doctors, there is nothing in Dr. Hodges's report that gives the Court pause.  Dr. Hodges noted that Plaintiff had "some venous insufficiency" but "very little pitting edema" in his extremities. (Tr. 620.)  He also noted Mr. Lynn had "good range of motion of both shoulders, both elbows, both wrists" and his knees, ankles, and hips. (*Id.*)  Dr. Hodges did note that Plaintiff could not walk heel to toe or stand on his heels, but his overall assessment supports a finding that he was capable of sedentary work. (Tr. 23, 621).

Plaintiff bore a heavy burden in showing the record has been inadequately developed.  He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Haley v. Massanari*, F.3d 742, 750 (8th Cir. 2001); *Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995).  The Court finds that Plaintiff fails to make such a showing.

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 6th day of May, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

4